# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

 v.

David Lee Hicks

August 27, 1991

Case No. (Criminal) 91-78

## By JUDGE JAY T. SWETT

 The defendant has moved to compel the Commonwealth to identify an informant who provided information to the police which led to the arrest of the defendant. For the following reasons, the defendant's request is denied.

 During the discovery hearing, defendant stated that testimony of the police officers involved in the execution of a search warrant and in the arrest of the defendant conflicted on several major points to the extent that the defendant has raised the question of whether an informant exists. No testimony was taken during the hearing. The events leading up to the execution of the search warrant and defendant's arrest were presented in the form of a transcript of the preliminary hearing.

 From the transcript it appears that Detective Campbell received information from an informant that marijuana could be found at 915 Blenheim Avenue. Based on this information, a search warrant was obtained and several officers went to the address on the evening of January 30, 1991. As they left, Detective Campbell received additional information from the informant that defendant Hicks was in a white Plymouth Horizon and that there was marijuana in the vehicle. When the officers arrived at the residence, they saw the white Plymouth with the defendant and one other person inside. Detective Campbell testified that

as he approached the car, someone observed a shotgun between the two front seats, and one of the occupants put his hand on the gun. Hicks and the occupant were ordered out of the car. After a pat-down search, Hicks was told that the officers had a search warrant for the house and that they had information that there was marijuana in the vehicle. The defendant denied there was marijuana in the car, but he then pulled two bags of marijuana from his pockets and gave them to the officer at which point he was placed under arrest. The officers then proceeded to execute the search warrant in the residence which produced additional quantities of marijuana.

Detective Mills also testified at the preliminary hearing. He described seeing the defendant in the Plymouth Horizon when they arrived to execute the search warrant. He testified that he saw the shotgun in the vehicle. Once he was satisfied that the situation was under control, he proceeded to execute the search warrant in the residence. Detective Mills testified that all of the information he had regarding the possibility of marijuana being either in the residence or in the car had come from Detective Campbell.

Detective Baber also testified at the preliminary hearing, having been called by the defendant. He testified that he recalled that one of the officers indicated that the vehicle had been observed earlier in the day and that one of the officers had told him that the vehicle may have been under observation for up to an hour earlier that evening.

The defendant's argument here is that this testimony is sufficiently conflicting that there is a serious question of the existence of an informant who gave information to Detective Campbell. The defendant argues that he wants the identity of this informant in order to prepare for an upcoming suppression hearing where he hopes to establish the absence of probable cause to obtain the search warrant and the absence of probable cause to confront and arrest the defendant. The defendant argues that the identity of the informant is required under *Brady v. Maryland*, 373 U.S. 83 (1963), in that this evidence is favorable to the defendant and material to the suppression hearing.

The circumstances under which the identity of an informant must be disclosed are discussed at length in

two recent Court of Appeals decisions. *Keener v. Commonwealth*, 8 Va. App. 208 (1989), and *Lanier v. Commonwealth*, 10 Va. App. 541 (1990). Without restating all of the principles involved, whether the Commonwealth is required to disclose the identity of an informant calls for a balancing of the protection of the public's interest in promoting law enforcement against the accused's right to prepare a defense to the criminal charges. *Roviaro v. United States*, 353 U.S. 53 (1957), requires the disclosure of an informant's identity where the identity or the content of the informer's statements is relevant and helpful to the accused's defense taking into consideration such matters as the nature of the crime charged, the potential defenses of the accused, the significance of the informant's testimony and other relevant factors. An added consideration is whether the informant was an active participant in the offense, or whether the informant was merely a tipster who provided information to the police. In the former case, the identity of the informant should normally be required.

Another significant consideration is the particular stage of the criminal proceedings. In *McCray v. Illinois*, 386 U.S. 300 (1966), the Supreme Court drew a distinction between whether the disclosure of the informant's identity and the testimony would serve to undermine the Commonwealth's case on guilt or innocence as opposed to whether the information regarding the informant would arguably aid the accused in a pre-trial suppression hearing. The Supreme Court approved the drawing of a distinction in the trial of the criminal charge where the jury determination as to guilt or innocence in many cases depends upon resolving credibility issues. In contrast, a suppression hearing is sought to avoid the thrust of incriminating evidence and is primarily invoked as a means to compel law enforcement officers to respect constitutional guarantees. In the latter, while credibility determinations may ultimately affect the accused's guilt or innocence, its effect is indirect as opposed to credibility determinations during trial where the jury is asked to determine whether the accused did or did not commit the crime with which he is charged.

Applying those principles here, it is my conclusion that the balancing of the competing interests involved

weighs in favor of denying the accused's request that the Commonwealth identify the informant. The accused has not contended that he has evidence that there was no informant. At this point, he relies on conflicting testimony of the officers regarding the events leading up to the execution of the search warrant. This evidence is far less than what was in *Lanier v. Commonwealth, supra*, where the accused had direct evidence, that if believed, supported the contention that an informant did not exist. Even under those circumstances, the Court of Appeals held that the accused had not demonstrated a sufficient showing to warrant disclosure of the informant's identity.

For these reasons, the defendant's request that the Commonwealth identify the informant is denied.